In the United States District
Court for the Southern District Court
of Illinois Seventh Circuit

United States of America | Case number: 19-40081-JPG
Plaintiff,

vs.

(p. 1 of 2)

Donald V. Snowden
Defendant, Appellant

## Motion

Complaint for ineffective Council of CJA Council Appointed, Jordan Campanella

reason (A) According to Fed. R. App. Pro. 4(b) Public defender represents Appellant defender, my attorney asked to withdraw, being he is not versed in appellate law. If he can't do appeals, he can't do trial.

reason (B) Title 21 U.S.C 848 states, an attorney should have the background, knowledge, and experience necessary to represent defendant. Proffessional conduct for attorneys appointed pursuant to ANY provisions of the act shall conform to the highest standards of proffessional conduct.

① How can my attorney know what to object to in trial to save my appeal rights, and arguments for briefs for appeal after trial? He said that he is not versed with appellate law.

②. Attorney doesn't know about Exclusionary Rule where it states the "Law prohibits the use of illegally obtained evidence in a criminal trial." Two case laws pertain to my suppression hearing and one being, Mincey V. Arizona 437 U.S. 385 1978 and that's pertaining to due process violation with involuntary confession from 8-2-2019 and the next is "Challenging chain of Custody" State V. Hatcher 384 S.C. 372 681 S.E. 2d 925 2011

Motion
(P. 2 of 2)

Complaint for ineffective Councel of CJA Councel, page 2.

reason (C) Attorney advised me that since I'm in the Southern District of Illinois for the seventh circuit, that I would not have a chance at my suppression hearing, but I have case law that the appeals court already ruled to, and was won. Violations to the case laws mentioned in reason (B) brings civil law suits violating the constitution due process and the forth amendment.

reason (D) Attorney can request to withdrawl, and ask to appoint a trial councel since Attorney is unable to continue at trial level. I ask these things in the interest of justice. Justice delayed, is justice denied. Rule 52 Fed.R.Crim.Procedure plain error is what my appeal for after trial if I'm violated from the exclusionary Rule, and the court has malicious prosecution letting illegally obtained evidence in the criminal trial. My attorney's affidavit "clearly" states he is not "well-versed" in appellate law, therefore, if he doesn't represent me accordingly, All that's mentioned is grounds for appeal after trial. I have trial coming up, and I ask for Article I General Provisions Rule 3 Court of Appeals of the 7th circuit subsection (H)(1) misconduct, it seems this case has been for one side, the prosecutions. I ask the courts to be lawfull, not to discriminate and to see my attorney doesn't acknowledge, estoppel by Laches doctrine, when my case shows too many inconsisticies to go all the way to trial. It shows my constitutional rights are violated all the way through.

ALL is true and correct

respectfully signed
Donald V. Snowden

5. Defendant-Appellant filed a Notice of Appeal on December 12, 2019. ECF No. 31.

6. Counsel for Defendant-Appellant is not well versed in appellate law and does not wish to represent Defendant-Appellant on appeal.

7. Mr. Snowden is currently housed at the Williamson County Jail, Marion, Illinois.

*[handwritten: title 21 U.S.C. 848]*

8. Counsel met with Mr. Snowden on December 16, 2019 and advised of his wish to withdraw from said appeal. Mr. Snowden consented to the same.

9. A copy of this motion will be sent to him via U.S. mail.

10. Counsel has informed Assistant U.S. Attorney Amanda Robertson of this request to withdraw from representation on appeal.

For the foregoing reasons, counsel respectfully requests an permission to withdraw from representation of Defendant-Appellant on appeal in this matter and to stay such appellate deadlines until said counsel is appointed.

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted,

/s/ Jordan J. Campanella
Jordan J. Campanella
108 E. Main Street
DuQuoin, IL 62832
(618) 542-2323
ATTORNEY FOR DEFENDANT-APPELLANT

*[handwritten annotations in margins:]*
- *Fed. R. App. Pro. 4(b)*
- *reason for Appeal if I lose trial. This is a plain error review!*
- *Attorney should have the background, knowledge, and experience necessary to represent defendant. Professional conduct for Attorneys appointed pursuant to any provisions of the act shall conform to the highest standards of professional conduct.*

whereby a defendant must abide by the law while under post-release supervision or risk additional punishment (see below).

**Appeals and Petitions for Writs of Certiorari:**

If the defendant did not waive the right to appeal in a plea agreement, the defense may appeal both the conviction and the sentence imposed. The public defender will continue to represent the defendant, for free, during the appeal. There is a very short period during which the defense must state its intention to appeal ("notice" of appeal), so the subject should be discussed immediately after sentencing. See Fed. R. App. Pro. 4(b).

If the defendant does not win the appeal in the United States Court of Appeals for the Fourth Circuit, he or she can file a petition for writ of certiorari with the Supreme Court of the United States. Ordinarily, the public defender would continue to represent the defendant during the petition for certiorari and, if the writ is granted, during the briefing and oral argument in the Supreme Court.

**Supervised Release and Violations:**

Almost every federal offense carries with it a term of supervised release. Supervised release is like "probation:" a defendant must report to the Probation Office, submit to drug testing and abide by the law and standard conditions of supervised release.

There are, unfortunately, many ways to violate supervise release – not submitting monthly reports, having a dirty drug test, or being arrested for new criminal conduct.

When a Probation Officer files supervised release charges, they are contained in a charging document called a "Petition." If the defendant cannot afford an attorney, the public defender will be appointed for these revocation proceedings.

The defendant has much more limited rights in revocation proceedings than when facing substantive federal charges. For example, at a revocation hearing there is no jury. The government need only prove the charges by

In The United States District
Court for the Southern District
of Illinois
Seventh Circuit
Case Number: 19-40081-JPG

United States of America
plaintiff,

vs.

Donald V. Snowden
defendant-Appellant

Certificate of Proof of Service

I, Donald V. Snowden, filed a complaint on ineffective councel on CJA councel appointed to represent me, Jordan Campenella. I ask the Court to give me a receipt upon receiving this Certificate of proof of service. All is true and correct,

Date Jan. 5th 2020

Respectfully,
Donald V. Snowden

404 N. Van Buren
Marion, IL 62959

Donald V. Snowden
404 N. Van Buren
Marion, IL 62959

"Legal Mail"

CLERK
United States District
301 West Main St
Benton, IL 62812

"Legal Mail"

