IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| DONALD V. SNOWDEN, | ) CASE NO. 19-CR-40081-JPG |
| | ) |
| Defendant. | ) |

## ORDER

**DALY, Magistrate Judge:**

      This matter is before the Court on the Amended Motion to Reconsider Bond (Doc. 58) filed by Defendant Donald Snowden. Defendant is charged with Distribution of Methamphetamine in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(A). On September 19, 2019, Defendant filed a written waiver of detention hearing (Doc. 18) and the Court found Defendant's waiver knowing, accepted the waiver, and entered an Order of Detention (Doc. 19). Defendant is currently being held at the Jackson County Jail. On March 2, 2020, Defendant filed a Motion to Reconsider Bond (Doc. 47) asking the Court to withdraw his waiver of his Bond Hearing because he is detained at Jackson County Jail which is 100 miles from Counsel's office and wishes to assist Counsel in his defense and will need access to a law library (Id.). On March 6, 2020, the Court denied the motion to reconsider finding Defendant did not show that information exists that was not known to the movant at the time of the waiver and that has a material bearing on the issue of detention as required by 18 U.S.C. § 3142(f)(2)(B). On March 23, 2020, Defendant filed the instant motion (Doc. 58). Defendant's motion for reconsideration cites the same circumstance as previously denied and adds that he now seeks temporary release because the current public health crisis due to the COVID-19 pandemic poses a risk to him (Doc. 58). The Government has filed a response in opposition (Doc.

62). For the reasons discussed below, Defendant's amended motion for reconsideration of bond is **DENIED**.

Defendant's motion argues the circumstances that existed when he was ordered detained have now changed. Specifically, Defendant argues inmates may be at a heightened risk of contracting COVID-19 should an outbreak develop and that the crisis is placing obstacles in assisting with his defense. The spread of COVID-19 throughout Illinois has compelled the Jackson County Jail to suspend all visits, including legal visits and Defendant asserts this suspension impacts his ability to meet with counsel to prepare his defenses to the alleged charges. Additionally, Defendant contends he will need access to a law library. On March 16, 2020, Defendant filed, *pro se*, a second Motion to Proceed Pro Se (Doc. 56). The motion is currently set for hearing before Judge J. Phil Gilbert on April 9, 2020 (Doc. 59).

The Court recognizes the unprecedented magnitude of the COVID-19 pandemic. This virus is now identified as a world-wide pandemic, resulting in a declaration of a national emergency by the federal government, and state of emergency by the State of Illinois. With no known effective treatment, public health officials are urging, in the strongest possible terms, that the public should practice "social distancing," frequent and thorough hand washing, and avoidance of close contact with others—hence the suspension of in-person legal visits at the Jail.

Nevertheless, Defendant's argument that he may be at a heightened risk of contracting COVID-19 is speculative. The Jackson County Jail is screening all those who enter the jail for COVID-19 symptoms, has a nurse on call 24-hours a day, has provided detainees and others with necessary cleaning supplies and equipment, and has severely restricted visitors. See *United States of America v Charles Derrick Keller*, Case No. 06-cr-40014-JPG, Doc. 61 (S.D. Ill. 2020). As of now, there is no evidence of the presence of COVID-19 in the Jackson County Jail. *Id*.

Additionally, Defendant has set forth no argument that he is in a higher-risk category for those contracting COVID-19. While defendant asserts inmates, generally, are at higher risk of contracting COVID-19 should an outbreak develop, this is not sufficient in light of the government's proffer that the staff at Jackson County Jail are implementing precautionary practices sufficient to protect detainees from exposure to COVID-19.

As to Defendant's argument that he would like to assist counsel in his own defense, this argument has already been denied by the Court. Additionally, Defendant has a pending motion to proceed *pro se* which states he does not trust his attorney and no longer wants to be represented by his present counsel (Doc. 56). Defendant's pending motions do not appear to be consistent. In one he asserts he needs to be released to better assist Attorney Sims who is located 100 miles from Jackson County Jail, and in the other he states he does not want to be represented by Attorney Sims.

The Government argues Defendant stands accused of a serious felony offense and presents a danger to the community, is a flight risk, and should be detained. In support of its argument, the Government cites the Pre-Trial Services Report finding that "There is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community."

Defendant has set forth no new information that has material bearing on the issue of whether there are conditions of release that would reasonably assure the safety of any other person or the community or reasonably assure defendant's appearance. Defendant has the burden of showing the temporary release is necessary under the circumstances and he has failed to meet that burden.

The Amended Motion for Reconsideration of Bond (Doc. 58) is **DENIED** without

prejudice to a renewed motion should the circumstances in the jail materially change.

**IT IS SO ORDERED.**

**DATED:   March 27, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**