IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                                    Case No. 19–CR–40081–JPG–1

DONALD V. SNOWDEN,
Defendant.

## MEMORANDUM & ORDER

This is a criminal prosecution. Before the Court are eleven motions filed by Defendant Donald V. Snowden. The first two were submitted through counsel, and the next nine were submitted pro se. For the reasons below, the Court:

1. **DENIES** Snowden's Motion to Dismiss for Selective Prosecution, (ECF No. 60);

2. **DENIES** Snowden's Motion to Suppress Evidence, (ECF No. 65);

3. **DENIES** Snowden's Motion Challenging Jurisdiction, (ECF No. 70);

4. **DENIES** Snowden's Motion for De Novo Detention Hearing, (ECF No. 71);

5. **DENIES** Snowden's Motion for Evidentiary Hearing, (ECF No. 72);

6. **DEFERS RULING ON** Snowden's Motion for Facial Challenge, (ECF No. 73), and **ORDERS** the Government to respond by Friday, September 4, 2020;

7. **DENIES** Snowden's Motion to Exclude Witnesses, (ECF No. 74);

8. **FINDS AS MOOT** Snowden's Motion to Compel Discovery, (ECF No. 75);

9. **DENIES** Snowden's First Motion to Dismiss, (ECF No. 76);

10. **DENIES** Snowden's Second Motion to Dismiss, (ECF No. 77); and

11. **FINDS AS MOOT** Snowden's Motion to Exclude Evidence, (ECF No. 78).

# I.     PROCEDURAL & FACTUAL HISTORY

According to Snowden's Motion to Suppress Evidence and the Government's Response, a confidential source ("CS") working for law enforcement allegedly contacted Snowden to purchase methamphetamine in August 2019. (Mot. to Suppress Evid. 1; Gov't Resp. to Mot. to Suppress Evid. 4, ECF No. 67). Snowden and the CS met in person later that day. (Mot. to Suppress Evid. 1–2; Gov't Resp. to Mot. to Suppress Evid. 4). The CS handed Snowden the money, and Snowden walked into a nearby residence. (Mot. to Suppress Evid. 2; Gov't Resp. to Mot. to Suppress Evid. 4). Snowden then emerged with Kevin McBride. (Mot. to Suppress Evid. 2; Gov't Resp. to Mot. to Suppress Evid. 4). They approached the CS, and McBride handed him a small box containing methamphetamine. (Mot. to Suppress Evid. 2; Gov't Resp. to Mot. to Suppress Evid. 4).

The next month, a federal Grand Jury brought a one-count indictment against Snowden for distribution of methamphetamine. (Indictment 1, ECF No. 1). Snowden signed a written Waiver of Detention Hearing, (ECF No. 18), and Magistrate Judge Reona Daly entered an Order of Detention, (ECF No. 19). Because Snowden was charged with a serious drug offense, Magistrate Judge Daly noted that there is a "rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community . . . ." (*Id.* at 2). A superseding indictment later added a conspiracy charge and named McBride as a co-defendant. (Second Superseding Indictment 1, ECF No. 83).

Snowden has had three attorneys since being indicted. The first withdrew because of a conflict of interest. (Kuenneke Mot. to Withdraw 1, ECF No. 14). The second withdrew because of a breakdown in communication. (Campanella Mot. to Withdraw 1, ECF No. 36). And the third withdrew at Snowden's request: Since January, Snowden has insisted on defending himself without the assistance of counsel. (*See* Mot. to Appoint Counsel 1, ECF No. 40; Mot. to Proceed

Pro Se 1, ECF No. 56; Am. Mot. to Proceed Pro Se 1, ECF No. 69; Mot. to Remove Counsel 1, ECF No. 79). At an in-court hearing on July 8, the Court reluctantly agreed.[1]

Before the hearing, Snowden's then-attorney filed two motions on his behalf: (1) a Motion to Dismiss for Selective Prosecution, and (2) a Motion to Suppress Evidence. The Government responded. Snowden also filed nine pro se motions; but the Government did not respond because Snowden was still represented by counsel when he filed them.

## II.      LEGAL STANDARD

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law . . . .

U.S. Const. amend. V.

> The Trial of all Crimes . . . shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed . . . .

U.S. Const. art. III, § 2, cl. 3.

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

---

[1]   The Court granted Snowden's Motion to Proceed Pro Se and found as moot Snowden's Amended Motion to Proceed Pro Se and Motion to Remove Counsel. (Min. Entry 1, ECF No. 102). With Snowden's consent, the Court also appointed Snowden's then-attorney to serve as his standby counsel. (*Id.*).

"[A]n accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury, and so likewise may he competently and intelligently waive his Constitutional right to assistance of counsel." *Adams v. U.S.* ex rel. *McCann*, 317 U.S. 269, 275 (1942). "A document filed pro se is 'to be liberally construed' . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.      ANALYSIS

The Court is tasked with ensuring that Snowden is fairly treated and receives an impartial trial. The Due Process Clause also "protects [him] against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "And because federal juries must be unanimous, all representative members of the community must agree before political actors can impose criminal punishment." Rachel E. Barkow, *Separation of Powers and Criminal Law*, 58 Stan. L. Rev. 989, 1015 (2006)

Snowden's flurry of pro se motions reveals a general mistrust in government and the Constitution. At trial, Snowden will be able to present evidence in his defense to a jury of his peers, call his own witnesses, and confront those testifying against him. But it is the jury's role, not the Court's, to acquit or convict. Many of Snowden's motions are denied for that reason alone. Others are better suited for a *motion in limine* on the eve of trial. There is also a high bar for challenging the Grand Jury's decision to indict, and rightfully so. That said, the Court cannot rule on Snowden's Motion for Facial Challenge—the only motion to survive—without a response from the Government.

### 1. Motion to Dismiss for Selective Prosecution

Snowden contends that the Government unjustifiably targeted him for prosecution because it only pursued charges against him (and not also McBride). But after the Motion was filed, the Grand Jury returned a Second Superseding Indictment that brought charges against McBride. This is therefore a moot issue.

In any event, Snowden's Motion fails on its merits. Snowden cites two cases for support: (1) *Oyler v. Boles*, 368 U.S. 448, 456 (1962), for the proposition that the selective-prosecution defense falls under the Equal Protection Clause of the Fourteenth Amendment;[2] and (2) *United States v. Armstrong*, 517 U.S. 456, 470 (1996), for the proposition that it hinges on "a credible showing of different treatment of similarly situated persons."

In *Oyler*, the Supreme Court noted that "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." 368 U.S. at 456. Instead, selective prosecution occurs when "the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.*

And in *Armstrong*, the Supreme Court reiterated that the standard for proving selective prosecution "is a demanding one" because there is a presumption that U.S. Attorneys properly discharge their duties. 517 U.S. at 463. A successful selective-prosecution defense therefore requires a showing "that the administration of a criminal law is 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that the system of prosecution amounts to 'a practical denial' of equal protection of the law." *Id.* at 464–65 (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886)). In other words, "a criminal defendant must present

---

[2]   The Equal Protection Clause of the Fourteenth Amendment applies to the federal government through the Due Process Clause of the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 498–99 (1954).

'clear evidence to the contrary' " to rebut the presumption that U.S. Attorneys did not selectively prosecute. *Id.* at 465 (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926)).

Neither case supports a finding that the Government selectively prosecuted Snowden. He presents no evidence "that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.' " *Id.* (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)). Nor does he allege that the Government's decision to prosecute was deliberately based on an unjustifiable standard or oppressed a particular class of persons. Snowden therefore failed to meet the demanding burden required to overcome the presumption that the U.S. Attorney did not violate equal protection. For these reasons, the Court **DENIES** Snowden's Motion for Selective Prosecution.

### 2.   Motion to Suppress Evidence

Snowden argues that the seized methamphetamine is inadmissible for two reasons: (1) there are gaps in its chain of custody; and (2) the Government failed to prove that he "possessed" it. The Court disagrees.

### A.        Chain of Custody

Federal Rule of Evidence 901 requires that the proponent of an item of evidence show that it "is what the proponent claims it is." If the item is subject to tampering (*e.g.*, illegal drugs or other chemicals), then the proponent must lay a foundation "that traces the chain of custody of the item from the moment it was found to its appearance in the courtroom . . . ." 2 McCormick on Evid. § 213 (8th ed. 2020). But "Rule 901 requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence." *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997). "Where the exhibit's chain of custody is in question but there is no evidence of any tampering, there is a presumption that a system of regularity

accompanied the handling of the evidence if the exhibits are at all times within official custody." *United States v. Boykins*, 9 F.3d 1278, 1285 (7th Cir. 1993). "[M]erely raising the possibility . . . of tampering is not sufficient to render evidence inadmissible." *United States v. Brown*, 136 F.3d 1176, 1181 (7th Cir. 1998).

After discussing the chain-of-custody standard, Snowden's Motion concludes with a two-sentence application to this case:

> In the instant case no officer ever saw Mr. Snowden in possession of the seized drugs, or the Wendy's French Fries container in which the CS said Mr. McBride gave him the seized drugs. In the case at bar as in the cases cited above there are missing links in the chain of custody that cannot be filled and the Government can not [sic] lay a proper foundation to identify the drugs as being possessed by Mr. Snowden actually or through constructive possession.

But these bare assertions present no evidence—or even an allegation—of tampering. Instead, Snowden conflates *chain of custody* with *possession*. Whether Snowden "possessed" the drugs is different than whether the drugs seized by the officers are the same drugs that the Government will present at trial. And so long as the Government meets its initial burden, the Court cannot suppress the drug evidence unless Snowden can show that it was mishandled.[3]

**B.      Possession**

*Possession* can be either actual or constructive. "Constructive possession is a legal fiction whereby an individual is deemed to 'possess' contraband items even when he does not *actually* have immediate, physical control of the objects . . . ." *United States v. Morris*, 576 F.3d 661, 666 (7th Cir. 2009) (emphasis in original). For example, if a defendant says "to one of his coconspirators—'You hold this gun that I've bought but never touched, because I'm a felon and I don't want to be charged with being a felon in possession, if we are caught'—this would not negate

---

[3]   Chain-of-custody arguments are better suited for a *motion in limine* (closer to trial) after the Government discloses the evidence it intends on presenting.

his possession of it." *United States v. Rawlings*, 341 F.3d 657, 658–69 (7th Cir. 2003). In other words, "[t]he government need not catch a defendant red-handed to satisfy the possession requirement . . . ." *United States v. Brown*, 328 F.3d 352, 355 (7th Cir. 2003). Rather, the Government need only "prove a nexus between the defendant and the relevant item to separate true possessors from mere bystanders." *Morris*, 576 F.3d at 666.

Snowden argues that "[t]he government has provided no evidence that Mr. Snowden ever possessed the drugs, they have seized in this matter." (Mot. to Suppress Evid. 1). But that too is a jury question. It is the Government's burden to prove each element of the crime, including that "[t]he defendant knowingly distributed" methamphetamine. *See* Pattern Crim. Jury Instrs. of the Seventh Cir. 701–702. Whether Snowden possessed the methamphetamine is therefore not a question for the Court to decide. For these reasons, the Court **DENIES** Snowden's Motion to Suppress Evidence.

### 3.   Motion Challenging Jurisdiction

Snowden argues that (1) "[t]he evidence supporting a crime lacks enough to detain"; and (2) "[t]he Government lacks jurisdiction as no evidence supports a crime against the United States." The Court disagrees.

Offenses punishable by imprisonment for more than one year must be prosecuted by an indictment. Fed. R. Crim. P. 7(a)(1)(A). "An indictment is sufficient so long as it: '(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (2) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense.' " *United States v. Miller*, 883 F.3d 998, 1002 (7th Cir. 2018) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "Generally speaking, it is extremely difficult to challenge indictments on the ground that they are not supported by adequate

or competent evidence." *Branzburg v. Hayes*, 408 U.S. 665, 742 n.32 (1972) (Stewart, J., dissenting).

Snowden's 30-word Motion fails to meet the extremely difficult burden of showing that the Indictment is insufficient. Indeed, the Grand Jury found that the Government had probable cause to indict him; and Magistrate Judge Daly issued an Order of Detention after (1) Snowden signed a Waiver of Detention Hearing and (2) finding "probable cause to believe that" Snowden committed a drug offense.

Additionally, whether there is enough to support a crime is a jury question. As discussed, it is the *Government's burden* to prove that Snowden is guilty beyond a reasonable doubt. *See* U.S. Const. amend. VI. "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453 (1895). For these reasons, the Court **DENIES** Snowden's Motion Challenging Jurisdiction.

### 4.   Motion for De Novo Detention Hearing

Snowden argues that the Court must conduct a new detention hearing because Magistrate Judge Daly did not allow him to testify or present witnesses, nor did she make written factual findings. The Court disagrees.

After a defendant's arrest, a magistrate judge conducts a hearing to determine whether the defendant should be detained or released pending trial. *See* 18 U.S.C. § 3142(a). During the hearing, the defendant "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." *Id.* § 3142(f)(2). If the magistrate judge issues a detention order, then she must "include written

findings of fact and a written statement of the reasons for the detention." *Id.* § 3142(h). A defendant ordered detained by a magistrate judge may seek de novo review in the district court. *Id.* § 3145(b).

Snowden foreclosed this argument when he signed a Waiver of Detention Hearing, (ECF No. 18), and voluntarily submitted to pretrial detention. Magistrate Judge Daly therefore did not err by ordering his detention without conducting a hearing or entering factual findings. And despite the Waiver, Magistrate Judge Daly later considered Snowden's Motion to Reconsider Bond and properly denied it on its merits. (Order 3, ECF No. 63). For these reasons, the Court **DENIES** Snowden's Motion for De Novo Detention Hearing.

### 5. Motion for Evidentiary Hearing

Snowden argues that the Grand Jury considered inadmissible evidence and therefore violated his due-process rights. He contends that the Court must conduct an evidentiary hearing to determine whether the charges against him are supported by probable cause. The Court disagrees.

"[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *United States v. R. Enters., Inc.*, 498 U.S. 292, 300 (1991). "The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon *particularized proof* of irregularities in the grand jury process." *United States v. Mechanik*, 475 U.S. 66, 76 (1986) (O'Connor, J., concurring) (emphasis added). And in *Costello v. United States*, 350 U.S. 359, 360 (1956), the Supreme Court denied a similar argument that a grand jury improperly considered inadmissible evidence:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, . . . [t]he result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Id.* at 363.

The Supreme Court's reasoning remains true here. Snowden presents no particularized proof of irregularities in the grand-jury process; and an evidentiary hearing would cause a preliminary trial at the expense of judicial efficiency. For these reasons, the Court **DENIES** Snowden's Motion for Evidentiary Hearing.

### 6.  Motion for Facial Challenge

Snowden argues that law enforcement used a wiretap or some other form of "electronic surveillance" against him that was unsupported by a warrant or probable cause. He therefore seeks suppression of any "illegally obtained statements."

The Fourth Amendment prohibits law enforcement from conducting searches without a warrant supported by probable cause. U.S. Const. amend. IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967).

The Court lacks enough information to rule on this Motion. The Government did not respond; and the Court has limited facts before it. The Court therefore **DEFERS RULING ON** Snowden's Motion for Facial Challenge and **ORDERS** the Government to respond by Friday, September 4, 2020.

### 7.  Motion to Exclude Witnesses

Snowden argues that the Court must exclude three potential Government witnesses from testifying. The Court disagrees.

At trial, "[t]he court must decide any preliminary question about whether a witness is qualified . . . ." Fed. R. Evid. 104(a). Generally, "[e]very person is competent to be a witness." Fed. R. Evid. 601. "Discretion is regularly exercised in favor of allowing the testimony" because "[t]he question is one particularly suited to the jury as one of weight and credibility . . . ." Fed. R. Evid. 601 advisory committee's note to 1972 amendment. Instead, a party can attack a witness's credibility "by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a). When a witness is not a defendant, the Court *must* admit evidence of a criminal conviction punishable by "imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A).

*First*, Snowden argues that Agent Henning has a "conflict of interest," is "unreliable," and has a "lack of competency." The conflict of interest supposedly arises because Snowden is suing Henning civilly for assault and battery (in this Court).

As to the *second* and *third* potential witnesses, Snowden says that "C.I. Dawnell Blackmen is unreliable" because he is a liar, a felon, and a suicidal drug addict; and Kevin McBride is incompetent and unreliable because he is a felon and an addict.

Challenges to a witness's character for untruthfulness should be made during cross-examination and left for the Jury to consider. It will be their job to assess credibility; and Snowden can impeach Government witnesses at trial.[4] For these reasons, the Court **DENIES** Snowden's Motion to Exclude Witnesses.

---

[4]   These issues are also better raised in a *motion in limine* after the Government discloses which witnesses it intends on calling to the stand.

### 8.   Motion to Compel Discovery

Snowden says that he received the Government's discovery materials in October 2019 while housed at Williamson County Jail. When he was transferred to Jackson County Jail, those discovery materials did not go with him. He also says that his standby counsel received different discovery materials than what he had in Williamson County. Snowden now asks the Court to compel the Government to reproduce all discovery materials produced in this case.

At the in-court hearing on July 8, the Government informed the Court that it produced its discovery materials in waves, consisting of seven compact discs in total. Those disks were given to Snowden's standby counsel. The Government contends that the materials Snowden may have seen were incomplete and have since been supplemented. It therefore suggests that Snowden's standby counsel has all the Government's discovery materials.

Snowden is now pro se, so he should arrange to review all the disks with his standby counsel. He can renew this Motion if he still believes that the Government is withholding discovery materials. For these reasons, the Court **FINDS AS MOOT** Snowden's Motion to Compel Discovery.

### 9.   First Motion to Dismiss

Snowden makes five arguments in his First Motion to Dismiss.

*First*, he argues (without supporting facts) that there is a Speedy Trial violation. The Speedy Trial Act requires criminal trials to "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). That said, certain pretrial delays are automatically excluded from the Act's time limits, such as delays caused by pretrial motions. *Id.* § 3161(h)(1)(D). And if the Court

— 13 —

determines that the "ends of justice served by" a continuance "outweigh the best interests of the

public and the defendant in a speedy trial," the delay caused by such continuance is also excluded

from the Act's time limits. *Id.* § 3161(h)(7)(A). Applying these standards to Snowden's case, there

is no Speedy Trial violation—only 26 days have run:

| | | | |
|---|---|---|---|
| 9/10/2019 | Indictment | NOT STARTED | |
| 9/13/2019 | Initial Appearance | START | |
| 9/18/2019 | Motion to Withdraw (Granted Same Day) | 4 DAYS RUN | |
| 9/26/2019 | Motion to Withdraw | 11 DAYS RUN | Tolled Until Ruling |
| 10/9/2019 | Motion Granted | 11 DAYS RUN | |
| 10/25/2019 | Motion to Continue (Granted Same Day) | 26 DAYS RUN | Tolled Until 1/27/2020 |
| 1/13/2020 | "Ends of Justice" Order of Continuance | 26 DAYS RUN | Tolled Until 3/6/2020 |
| 3/4/2020 | "Ends of Justice" Order of Continuance | 26 DAYS RUN | Tolled Until 6/1/2020 |
| 5/5/2020 | "Ends of Justice" Order of Continuance | 26 DAYS RUN | Tolled Until 8/3/2020 |

*Second*, Snowden argues that the Government subjected him to "selective and vindictive

prosecution." Law-enforcement agents allegedly told Snowden that if he were to voluntarily

submit to an interview in the presence of his attorney, then they would not press charges. Snowden

could not afford an attorney at the time, so he never followed up. He was indicted, and now he

contends that the "prosecution was being vindictive when they indicted [him] for not having an

attorney in [sic] time . . . ." But there was nothing vindictive about these allegations. Law

enforcement is given wide latitude to use deception (short of coercion) to extract confessions from

criminal suspects. *See*, *e.g.*, *Oregon v. Mathiason*, 429 U.S. 492, 495–96 (1977) (lie about a

suspect's fingerprints at a crime scene); *Frazier v. Cupp*, 394 U.S. 731, 737–38 (1969) (lie about

a friend's confession). So even if the agents lied to Snowden, that is a legitimate tactic in law enforcement's toolkit.

*Third*, Snowden argues that he is a victim of "selective prosecution" because (1) McBride, his alleged co-conspirator, was not also charged; and (2) the Government has "no supporting evidence." As discussed, Snowden's first claim is moot: The Grand Jury returned a Second Superseding Indictment that added charges against McBride. (*Supra* Section III.1). And his second claim was also discussed above: The sufficiency of the evidence is a jury question. (*Supra* Section III.2(B), 3).

*Fourth*, Snowden argues that the Second Superseding Indictment is invalid because it contains information about his prior convictions. Alluding to Federal Rule of Evidence 404(b), Snowden contends that the jury will be prejudiced against him if they knew about his criminal history. But the Second Superseding Indictment is not evidence that will be submitted to the Jury. And if having a prior conviction is an element of the crime, then the Government will have to submit independent proof to meet its burden.

*Finally*, Snowden argues that the Grand Jury erroneously considered an audio recording obtained in violation of the Fourth Amendment. But the Indictment is presumed valid unless Snowden sets forth a particularized showing of irregularity in the proceeding. (*Supra* Section III.3). This burden is purposely high to avoid preliminary trials; and bare assertions about what the Grand Jury may have discussed in secrecy are merely speculative. For these reasons, the Court **DENIES** Snowden's First Motion to Dismiss.

### 10. Second Motion to Dismiss

Snowden makes three arguments in his Second Motion to Dismiss.

*First*, he argues that the Court is prejudiced against him because it accepted some of his pro se filings and struck others. For example, the Court struck two December 2019 pro se motions—a Motion for Detention Hearing and a Motion to Dismiss—because Snowden was represented by counsel. In March 2020, however, Magistrate Judge Daly ruled on the merits of Snowden's pro se Motion for Reconsideration of Bond. But that inconsistency is of little consequence: District courts have "wide discretion to reject pro se submissions by defendants represented by counsel." *United States v. Patterson*, 576 F.3d 431, 436 (7th Cir. 2009) (emphasis added). What's more, the December 2019 Motions were filed with no question about Snowden's representation, while the March 2020 Motion was filed amid requests to proceed pro se. It was within the Court's discretion to strike the December 2019 Motions and rule on the merits of the March 2020 Motion.

*Second*, Snowden argues that the Government does not have enough evidence to detain him. But having denied Snowden's Motion for De Novo Detention Hearing, this argument is moot. (*Supra* Section III.4).

*Finally*, Snowden argues that the Government's "main witness," Agent Henning, is biased because Snowden is suing him civilly. As discussed, Snowden cannot conflict-out witnesses by suing them. (*Supra* Section III.7). Besides, Snowden can impeach him at trial; and the Jury can determine whether Henning is credible. For these reasons, the Court **DENIES** Snowden's Second Motion to Dismiss.

### 11. Motion to Exclude Evidence

Snowden argues that the Court should exclude "wire/video surveillance evidence" that was illegally obtained in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. This Motion reiterates arguments presented in Snowden's Motion for Facial Challenge, which the Court deferred ruling on until the Government responds. (*Supra* Section III.6). The Court therefore **FINDS AS MOOT** Snowden's Motion to Exclude Evidence.

## IV.      CONCLUSION

The Court:

1.  **DENIES** Snowden's Motion to Dismiss for Selective Prosecution, (ECF No. 60);

2.  **DENIES** Snowden's Motion to Suppress Evidence, (ECF No. 65);

3.  **DENIES** Snowden's Motion Challenging Jurisdiction, (ECF No. 70);

4.  **DENIES** Snowden's Motion for De Novo Detention Hearing, (ECF No. 71);

5.  **DENIES** Snowden's Motion for Evidentiary Hearing, (ECF No. 72);

12. **DEFERS RULING ON** Snowden's Motion for Facial Challenge, (ECF No. 73), and **ORDERS** the Government to respond by Friday, September 4, 2020;

6.  **DENIES** Snowden's Motion to Exclude Witnesses, (ECF No. 74);

7.  **FINDS AS MOOT** Snowden's Motion to Compel Discovery, (ECF No. 75);

8.  **DENIES** Snowden's First Motion to Dismiss, (ECF No. 76);

9.  **DENIES** Snowden's Second Motion to Dismiss, (ECF No. 77); and

10. **FINDS AS MOOT** Snowden's Motion to Exclude Evidence, (ECF No. 78).


**IT IS SO ORDERED.**


**Dated: Monday, July 20, 2020**

**/s/J. Phil Gilbert____**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**