IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> DONALD V. SNOWDEN, <br> Defendant. | Case No. 19–CR–40081–JPG–1 |

## MEMORANDUM AND ORDER

Before the Court are Defendant Donald V. Snowden's ("Mr. Snowden" or "Defendant) *pro se* motions (1) MOTION to Suppress Illegal Statements from August 2, 2019 interview (Doc. 181) and (2) MOTION to Object to Statement of Miranda Rights (Doc. 210).

### I.    PROCEDURAL HISTORY

The Court held a hearing on Defendant's Motion to Suppress (Doc. 181) on September 22, 2021. The hearing was continued until November 22, 2021 so the Court could review Defendant's August 2, 2019 videotaped interview in its entirety.[1] On October 4, 2021 Defendant submitted a motion objecting to the statement of Miranda Right (Doc. 210). On November 22, DEA Agent Roger Ehler ("Agent Ehler") also testified regarding the August 2 interview. The Court addresses both motions.

On November 22, 2021, Court reviewed more than four hours of the videotaped interview. The Government played the interview from one disk, which was marked Government's Exhibit 5. This interview consisted of Defendant being questioned on August 2, 2019 by multiple agents. The Court observed and reviewed four video clips from Government's Exhibit 5, with the approximate times: three hour and a half minutes, one minute, five minutes,

---

[1] This video contained more than four hours of questioning. This continuance was made at Defendant's request in order for the Court to review the entirety of the video questioning.

and thirty-minutes.

## II.  LAW AND ANALYSIS

Defendant's Motion to Suppress Illegal Statements from the August 2, 2019 interview (Doc. 181) requests the Court suppress Defendant's statements because they were not voluntarily made, in violation of the Fifth and Fourteenth Amendments. Defendant states that he was coerced and threatened during the interview. Specifically, Defendant stated that Agent Ehler "threatened and promised Snowden to utter the words 'ice' or he was not free to leave." (Doc. 181 p. 1). Additionally, Defendant stated he "asked for mental health because [agents] kept him in a room after he asked for an attorney call numerous times, and the officers wouldn't let him post his bond…" *Id.* at p. 2. During the November 22 hearing, Defendant also argues the words in the video are not his; Defendant argues the Government has edited or doctored the videos in some way.

After reviewing the entirety of the videotaped interview in Government's Exhibit 5, and hearing arguments from the Government and Defendant (with standby counsel for Defendant, Paul Sims), the Court makes the following findings regarding the August 2, 2019 questioning and interview: (1) the Defendant was not in any restraints like handcuffs while being questioned during the testimony; (2) Defendant does not appear to be under the influence of any drugs or alcohol; (3) Defendant's speech is clear and not slurred while he was speaking to agents; (4) Defendant's responses to the agents' questions were coherent and intelligible; (5) Defendant was alert during the entire "four-plus" hour interview; (6) no threats were detected by the agents; (7) the only offers made were agents' offers of cooperation and that Defendant seemed to want to cooperate with agents; (8) Defendant's hand gestures and mannerisms during the interview seemed appropriate; (9) there is no evidence that Defendant was under any coercion or distress;

(10) Defendant and agents were not screaming or yelling during the interview; (11) the entire interview was conducted in a conversational tone; (12) it does not appear the video interview was spliced or cut in any way; and (13) Defendant stated at one point "why would I give you all this information if I am still going to jail".

In Defendant's Motion Objecting to Miranda statement (Doc. 210), Defendant states that it is not his signature on the Miranda form (Doc. 210, p. 2). In support, he states that the signature on the Miranda form does not match his signature is on his certificate of service, the ink is not the same, and multiple letters are not the same from his unique signature. *Id.*

The Miranda form was given to Defendant at the beginning of the videotaped interview. Regarding Defendant's Miranda waiver, the Court makes the following findings: (1) the tape showed the agent read the Miranda rights to Defendant; (2) Defendant initialed (and admitted to initialing) the Miranda waiver form; (3) the same person who initialed the Miranda waiver form also signed the Miranda form; and (4) the individual on the tape is the Defendant, Mr. Snowden and not any other family member of Mr. Snowden or any other individual; and (4) Agent Ehler identified Defendant as the individual on the videotaped interview.[2]

"A defendant's challenge to the admission of statements made during a custodial interrogation presents two separate questions: whether he received and validly waived his Miranda rights, and whether his statements themselves were voluntary." *United States v. Outland*, 993 F.3d 1017, 1021 (7th Cir. 2021) (internal citations omitted). "A waiver of a suspect's Miranda rights is valid only if it is made voluntarily, knowingly, and intelligently." *United States v. Vallar*, 635 F.3d 271, 284 (7th Cir. 2011) (quoting *Moran v. Burbine*, 475 U.S.

---

[2] During the September hearing and in Defendant's motion (Doc. 210), the Defendant argues that the person on the video interview is not him. At the hearing in November, after admitting the person in the video is physically him, Defendant stated that portions the words being said may not be his. The Court saw no evidence of splicing, cutting, or any other editing to give this argument any validity.

412, 421 (1986)). The Government must prove the waiver is valud by a preponderance of the evidence. *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010). Based on review of the video and upon hearing testimony from Agent Ehler, the Court finds that Defendant was read his Miranda rights and voluntarily, knowingly, and intelligently waived his Miranda rights. Defendant, Mr. Snowden, is the individual on the videotape at the beginning of the hearing and Defendant initialed and signed the Miranda waiver.

The Court next turns to the voluntariness of the statements themselves. "Voluntariness of incriminating statements made by a defendant during custodial interrogation, as distinguished from the knowing and voluntary nature of his waiver of his Miranda rights at the start of the interrogation, involves a broader inquiry, that asks whether, in the totality of the circumstances, the defendant's statements to authorities were voluntary." *Outland*, 993 F.3d at 1021. After reviewing the tape in its entirety and upon hearing testimony from Agent Ehler, the Court finds that Defendant's statements, made during the August 2, 2019 interview, were voluntary made. Specifically, the Court finds the agents' actions were neither coercive nor intimidating to Defendant to a level that would render Defendant's statements involuntary. Additionally, Defendant states he was under duress and officers did not allow him to seek "mental health." The Court finds Defendant was alert, coherent, and did not seem to be under visual distress or impaired during the interview. There is no evidence before the Court showing that the agents took any coercive action to force Defendant to make the statements; rather, the evidence shows that Defendant made the statements because he believed that cooperating with the agents.

### III.   CONCLUSION

For the above reasons, the Court finds that Defendant's waiver of his Miranda rights was voluntarily, knowingly, and intelligently made, and Defendant's statements to the agents were

voluntary and were not obtained in violation of his Fifth or Fourteenth Amendment rights.

Defendant's MOTION to Suppress Illegal Statements from August 2, 2019 interview (Doc. 181) and MOTION to Object to Statement of Miranda Rights (Doc. 210) are **DENIED**.

**IT IS SO ORDERED.**
**Dated: November 29, 2021**

                                              <u>/s/  J. Phil Gilbert</u>
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**