IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

DONALD V. SNOWDEN,
Defendant.

Case No. 19–CR–40081–JPG–1

## MEMORANDUM AND ORDER

This matter comes before the Court on the parties' Motions in Limine. The trial of Donald V. Snowden ("Defendant" or "Snowden") begins on April 12, 2022.

The Court has issued previous rulings on many of these motions and already decided on these issues. For the following reasons the Court:

- **DENIES** Defendant's Motion for Bond (Doc. 237). The Court has already decided and denied Snowden's bond in a Memorandum and Order dated November 16, 2021 (Doc. 217).

- **RESERVES** ruling on Snowden's Motion for certain discovery, including a photograph (Doc. 238). The Court will hear from the parties before trial begins.

- **GRANTS** the Government's Motion on Limine Defining Reasonable Doubt (Doc. 239). Only the Court can instruct the jury as to the law.

- **GRANTS** Motion in Limine to Prevent Hybrid Representation (Doc. 240). The Court **DENIES** Snowden's Motion in Limine in Opposition of Hybrid Representation (Doc. 258). The Court agrees that Snowden is to proceed with trial *pro se* and standby counsel will be present to assist Snowden in his defense.

- **GRANTS** Government's Motion in Limine Regarding Potential Penalties Faced by Defendant (Doc. 241). Defendant may not instruct the jury as to potential penalties. Sentencing is within purview of the Court.

- **DENIES** Snowden's Motion in Limine Opposing Government's Intent to Use Snowden's proffer statement (Doc. 247). The Government may use a proffer statement if Snowden asserts a position at trial that is inconsistent with statements made during a proffer interview. *United States v. Dortch*, 5 F.3d 1056, 1069 (7th Cir. 1993) ("if the defendant elicits or adduces testimony at trial that is 'materially different' from his proffer statements, the government may use his proffer statements to impeach the witness if the defendant has executed a valid waiver.").

- **RESERVES** Ruling on Snowden's Motion in Limine to Introduce Full Authentic Video of arrest on 9/12/2019 (Doc. 248).

- **DENIES** Snowden's Motion in Limine to Limit Law Enforcement Testimony (Doc. 249). The Court will not strike testimony of law enforcement. Snowden is allowed to cross-examine all of the Government's witnesses.

- **GRANTS** Snowden's Motion in Limine to Treat Agent Henning and Agent Ehler as adverse witnesses (Doc. 251). The agents are witnesses in the Government's case-in-chief and Snowden will have the full opportunity to cross-examine those agents.

- **DENIES** Snowden's Motion in Limine Facial Challenge Violation of Fourth Amendment (Doc. 252). The Court has already decided and denied Snowden's Motion for a Facial Challenge in a Memorandum and Order dated November 16, 2021 (Doc. 217).

- **DENIES** Snowden's Motion in Limine to Exclude Statements from 8-2-2019 Interview (Doc. 253). The Court conducted a full hearing and reviewed Defendant's full videotaped

interview in its entirety on November 22, 2021. The Court issued a ruling on the admissibility of the video and denied Snowden's Motion to Suppress these statements (Doc. 219).

- **DENIES** Snowden's Motion in Limine to Exclude Methamphetamine Alleged from 8-1-2019 controlled buy (Doc. 254). The Court has already decided and denied this issue in a Memorandum and Order dated November 16, 2021 (Doc. 217). As stated in that order, "[t]he Court's determination of whether this evidence is admissible will be done before trial if the Government has laid a proper foundation." (Doc. 217, p. 12). Snowden can cross-examine the witness regarding chain of custody or weight of evidence.

- **DENIES** Snowden's Motion in Limine to exclude and bar any evidence and testimony from 8-2-2019 search of 412 E. Hester St. (Doc. 255). The Court has already decided and denied Snowden's Motion to exclude any evidence from a search of his apartment, including the methamphetamine, in a Memorandum and Order dated November 16, 2021 (Doc. 217).

- **DENIES** Snowden's Motion in Limine to Introduce Grand Jury Testimony (Doc. 256).

- **DENIES** Snowden's Motion in Limine to exclude text messages (Doc. 257). The Court has already decided and denied Snowden's Motion Exclude Text Messages in a Memorandum and Order dated November 16, 2021 (Doc. 217).

- **DENIES** Snowden's Motion in Limine to Exclude Hearsay Testimony from Agent Henning and Agent Ehler (Doc. 259). Defendant can make hearsay objections on the record at trial and the Court will rule accordingly.

- **DENIES** Snowden's Motion to Request Transcripts from Evidentiary Hearing (Doc. 260). Such a request for transcripts must be made to the court reporter listed on the minutes of

the proceeding (or clerk's office). The court reporter will prepare the transcript and deliver a copy to the requesting party in the format ordered. Snowden by request assistance from standby counsel for any transcripts required.

**IT IS SO ORDERED.**
**Dated: April 6, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**