IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.                                              Case No. 19–CR–40081–JPG–1

DONALD V. SNOWDEN,
Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Donald V. Snowden's motion for release pending sentencing (Doc. 284).

On April 14, 2022, a jury returned a guilty verdict on Count I and Count II of the Second Superseding Indictment, which charged Defendant with conspiracy to distribute methamphetamine and distribution of methamphetamine. Additionally, the jury made a finding that both Counts I and II involved more than 50 grams of methamphetamine. Based on the jury's guilty verdicts and special findings, the statutory term of imprisonment for either offense is a minimum of ten years to life imprisonment.[1] Specifically, § 3145(a)(2) requires the following:

> (2) The judicial officer **shall order** that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)  (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
>   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

---

[1] The Government has indicated that Defendant may be Career Offender under the Sentencing Guidelines. Thus he may be facing sentence of 360 months to life imprisonment.

18 U.S.C. § 3143(a)(2) (emphasis added).

Defendants who have been convicted of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq*.). Defendant Snowden was convicted of conspiracy to distribute 50 grams or more of methamphetamine and distribution of methamphetamine in violation of 18 U.S.C. § 841(a) and 846, and therefore is subject to a term of imprisonment from ten years or above. Thus, he must be detained unless he shows, he is subject to the exceptions above.

First, Defendant does not meet the § 3145(a)(2)(A). There is not a substantial likelihood that a motion for acquittal or a new trial will be granted. The Court has already denied Snowden's motion for a directed verdict during the trial at the close of the prosecution's case. Additionally, the Court finds that Snowden has not demonstrate the interests of justice requires a new trial. For these reasons, the Court believes Snowden does not meet the first condition.

A Court has discretion to allow Defendant released pending sentencing if the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. While Snowden argues his substantial family in the area and the fact that in the past he has been released on bond and turned himself in to sentencing for a four-year sentence in the Illinois Department of Corrections demonstrates he is not a danger to flee. First, having substantial family in the area was not persuasive and does not show "clear and convincing evidence" that he will not flee. This is a more substantial term of imprisonment and is the longest potential sentence (ten years to life or if a Career Offender 30 years) that Snowden has been convicted of. Having family in the area does not show "clear and convincing evidence" to overcome the seriousness of the potential sentence he is facing.

Snowden's criminal history and the seriousness of the charges he has been convicted of against him suggest that, as a repeat offender, Snowden poses a public-safety risk. Without listing Defendant's prior convictions, this Court notes that he has had six prior convictions for drug offenses. Additionally, he has been charged with aggravated battery of a pregnant/handicapped person, which was later pled down to a misdemeanor battery offense. He has had several other convictions for misdemeanors and traffic citations. He has also had four other domestic battery cases dismissed. Additionally, this Court notes that there were several cooperating witnesses who testified in Snowden's trial. The Court is also concerned for their safety.

He is facing a significant sentence ten years to life or thirty years to life if a Career Offender and the Court finds that Defendant has not demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. The Court will also note that the magistrate judge, Judge Reona Daly and this Court in other instances has held and found that he cannot be released in light of the facts described above throughout this litigation.

Additionally, the Court finds that there are no exceptional reasons that warrant Defendant's release under 18 U.S.C. § 3145(c) which states:

> (c) Appeal From a Release or Detention Order.—
>
> > An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

Again, Defendant has not shown any exceptional circumstances and rehashes arguments that have been made and denied throughout this litigation. *See* Docs. 271, 261, 63, 55. Finding that Defendant has not shown he is not likely to flee or pose a danger to the safety of any other person or the community, the Court does not find Defendant has shown exceptional circumstances. None of the claims Defendant has made – including his family, getting his affairs in order, and work on negotiations in his civil lawsuit – justify exceptional reasons for release.

For these reasons the Court finds Defendant has not met the criteria laid out in §§ 3143(a)(2) and 3145(c) **DENIES** Defendant's Motion for Release Pending Sentencing (Doc. 284).

**IT IS SO ORDERED.**
**Dated: April 26, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**