IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD V. SNOWDEN,<br><br>    Defendant. | Case No. 19-cr-40081-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Donald V. Snowden's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 373). Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 377). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to the defendant's *pro se* motion as well as counsel's motion to withdraw indicating it has no objection to counsel's withdrawal and agrees that the defendant is not eligible for a reduction (Docs. 383 & 388). The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

A jury found the defendant guilty of one count of conspiracy to distribute methamphetamine and one count of distribution of methamphetamine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 8,140 kilograms of converted drug weight which, under U.S.S.G. § 2D1.1[1] yielded a base offense level of 32. The Court increased the offense level by 2 points under U.S.S.G. § 2D1.1(b)(1) because the

---

[1] Unless otherwise noted, references to the U.S.S.G. in this order are to the 2021 version.

defendant possessed a firearm, resulting in a total offense level of 34. However, the Court found the defendant was a career offender, so under U.S.S.G. § 4B1.1 his offense level became 37.

The defendant's criminal history category, established by both his career offender status and his 20 criminal history points, was VI. None of his criminal history points were assessed because he was under a criminal sentence when he committed the offense of conviction ("status points"). *See* PSR ¶¶ 55-57. This yielded a guideline sentencing range of 360 months to life in prison. The Court imposed a sentence of 360 months.

It appears that the defendant may be asking the Court to apply a recent change to the Sentencing Guidelines to lower his sentence.[2] Specifically, Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants who received status points, Amendment 821 provides that their 2-point assessment be reduced to 1 or no points. Part B of Amendment 821 added U.S.S.G. § 4C1.1 (2023), to reduce the offense level of some offenders with no criminal history points. Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence

---

[2] The defendant also seeks the benefit of an amendment to U.S.S.G. § 1B1.13. That request will be addressed in connection with the defendant's motion for compassionate release (Doc. 371).

reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 821 did not lower the defendant's guideline sentencing range. The defendant had criminal history points, so Part B does not apply. And none of them were status points, so Part A does not apply either. Additionally, the defendant was a career offender, which drove his offense level and his criminal history category, and Amendment 821 did not change those calculations. Thus, Amendment 821 did not result in a lower criminal history category or offense level, so it did not lower the defendant's sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 377) and **DENIES** Snowden's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 373). AFPD Madrigal is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   June 4, 2024**

                                                      s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **U.S. DISTRICT JUDGE**