UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

DONALD V. SNOWDEN,

        Defendant.

Case No. 19-cr-40081-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Compassionate Release, (Doc. 371), and a Motion to Dismiss Snowden's motion for compassionate release filed by the Government. (Doc. 384). Snowden filed his motion on February 12, 2024, and the Government filed their motion on March 5, 2024. Because Snowden has failed to exhaust his administrative remedies prior to filing, the Court hereby **GRANTS** the Government's motion and **DENIES** Snowden's motion.

## I.    BACKGROUND

On September 1, 2019, Snowden was indicted on one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Doc. 1). On June 9, 2020, a second superseding indictment charged him and his accomplice, Kevin McBride, with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(A)—in addition to the distribution of methamphetamine he was initially indicted for. (Doc. 83). On August 11, 2022, the Court sentenced Snowden to serve 360 months concurrently on both counts of the superseding indictment. (Doc. 311). Snowden appealed. (Doc. 315). On May 6, 2024, the Court of Appeals for the Seventh Circuit dismissed Snowden's appeal and

granted his counsel's request to withdraw. (7th Cir., Appeal No. 22-2426, Doc. 71). In his motion for compassionate release, Snowden brings forward several claims, but does not allege that he has exhausted his administrative remedies, nor does his motion provide supporting documentation of exhaustion. The Government has declined to waive the exhaustion requirement here. (Doc. 384).

## II.   LEGAL STANDARD

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

In exhausting administrative remedies, a defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction, *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021); otherwise, the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

For a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, they must have first exhausted his administrative remedies,[2] the Court must find that (1) there are extraordinary and compelling reasons for a reduction, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), those extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13.

### III.  ANALYSIS

Snowden's motion is relatively short; there is no mention in his motion of administrative remedies. The Government, seeing that Snowden has neither alleged nor submitted evidence that he exhausted his administrative remedies, have moved to dismiss the motion for compassionate release on those grounds. As a failure to exhaust is a mandatory processing rule, *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021), and the exhaustion requirement has not been waived by the Government, Snowden's motion for compassionate release must be denied.

---

[2] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

IV.    <u>**CONCLUSION**</u>

Finding that Snowden has failed to exhaust his administrative remedies prior to filing,

and that the Government has not waived the exhaustion requirement, the Court hereby **GRANTS**

the Government's motion to dismiss Snowden's motion for compassionate release. (Doc. 384).

Accordingly, Snowden's motion for compassionate release is **DENIED**. (Doc. 371).

**IT IS SO ORDERED.**
**DATED:  October 23, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**