IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DONALD V. SNOWDEN,

    Defendant.

Case No. 19-cr-40081-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court defendant Donald V. Snowden's letter to the Court docketed on August 18, 2025 (Doc. 402). In his letter, he asks the Court to order resentencing after the drugs seized in this case are reweighed and retested. He believes this would result in a lower sentence.

Essentially, Snowden objects to the validity of his current sentence and seeks to vacate it, which makes his letter a § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). This is not Snowden's first § 2255 motion. *See Snowden v. United States*, 24-cv-1061-JPG (S.D. Ill. July 12, 2024). In order for the Court to consider a second or successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It has not done so. *See Snowden v. United States*, No. 25-1621 (7th Cir. May 6, 2025) (declining leave to file successive § 2255 motion). Therefore, the Court does not have jurisdiction to entertain the pending § 2255 motion. Accordingly, the Court hereby **DISMISSES** Snowden's motion for **lack of jurisdiction** (Doc. 402).

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of

the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that Snowden has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   August 20, 2025**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **U.S. DISTRICT JUDGE**