IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

DONALD V. SNOWDEN,

    Defendant.

Case No. 19-cr-40081-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Donald V. Snowden's *pro se* motion that he labels as a motion for a reduction of his criminal sentence for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 395).   The Government has responded (Doc. 400), and Snowden has replied to that response (Doc. 401). The Court also considers Snowden's motion for an evidentiary hearing (Doc. 416) and emergency motion to modify his sentence (Doc. 418).

## I.    Compassionate Release

Snowden arguably seeks relief under the First Step Act.   That statute expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move.   First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *Rutherford v. United*

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release.   Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.   *See Fernandez v. United States*, 146 S. Ct. 1292, 1303 (2026).

*States*, 146 S. Ct. 1320, 1328 (2026); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).   The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction.   *United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).   Otherwise, the warden is not equipped to properly consider the defendant's request.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2025), the policy statement applicable to motions filed by the BOP Director or the defendant.   That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2) (2025).[2]   The policy statement further defines "extraordinary and

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the

compelling reasons" to include, alone or in combination, as relevant for this case:

> **(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

> **(6) Unusually Long Sentence.**—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b) (2025).

The supposed invalidity of a conviction is not an extraordinary and compelling reason for relief. *Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026). Nor are non-retroactive changes in the law that would have made a defendant's sentence shorter had the change applied; such changes do not render the defendant's sentence an "unusually long sentence" ("ULS") under the guidelines. *Rutherford*, 146 S. Ct. at 1330-31 (disparity created by non-retroactive amendments to 18 U.S.C. § 924(c) not an extraordinary and compelling reason). These circumstances may, however, be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c) (2025). Rehabilitation of the defendant cannot, by itself, be an extraordinary and compelling reason, 28 U.S.C. § 994(t), but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction. U.S.S.G. § 1B1.13(d) (2025).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must

---

Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction.   18 U.S.C. § 3582(c)(1)(A); *see Rutherford*, 146 S. Ct. at 1333 (describing distinct analytical steps beginning with eligibility by establishment of extraordinary and compelling reasons).   The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden.   *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180.   The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13 (2025).

## II.    Analysis

In April 2022, a jury found Snowden guilty of distribution of methamphetamine and conspiracy to distribute methamphetamine.   At sentencing in August 2022, the Court found Snowden was a career offender based on five prior felony drug convictions, establishing his offense level at 37 and his criminal history category of VI.   The Court sentenced him to serve 360 months in prison.   Snowden is currently set to be released on April 4, 2044.   *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited July 8, 2026).

In his motion for compassionate release, Snowden asserts that he has exhausted his administrative remedies by emailing the warden at the Federal Correctional Institute at Yazoo City.   He further claims that he has been rehabilitated, has taken many classes and programs in prison, and has great potential to be successful outside of prison.   He claims he accepts responsibility for his crime, is not a danger to the community, has strong community ties, and is

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

ready to be released.   He suggests he should not have been deemed a career offender under a change in the law since his sentencing.   He also asserts that there is a disparity between his sentence and those of others with similar records and that he would like to take advantage of guideline changes for offenders with minimal or minor roles.

The Government argues that, to the extent Snowden intends the motion to be under § 3582(c)(1)(A), he has failed to exhaust his administrative remedies, to identify any extraordinary and compelling reason for relief, or to show that the § 3553(a) factor weigh in favor of release.   The Government notes that Snowden has not attached a copy of his email to the warden in which he requests compassionate release so the Court can evaluate whether the warden had a fair opportunity to consider that request.   The Government further argues that Snowden's motion challenges the validity of his sentence, which can only be done in a motion under 28 U.S.C. § 2255, and does not establish any extraordinary and compelling reason for release.   Finally, it points to Snowden's lengthy—and sometimes violent—criminal history and the seriousness of his offense to show he remains a danger to the community and should not be released at this time.

In reply, Snowden agrees that his motion should be heard as a § 2255 motion and asks the Court essentially to reopen his prior § 2255 case, *Snowden v. United States*, No. 24-cv-1061-JPG, and to construe his current motion as a motion to vacate the judgment in that case, which was entered in July 2024.   He continues to complain about sentencing issues, and he asks for appointment of counsel.   In his more recent motions, he points to improvement in his recidivism risk category and his achievements in prison educational and vocational programming to argue he is no longer a danger to society.   He also continues his criticisms of his sentencing.

A.    <u>Nature of Motion</u>

It is clear that Snowden intended his motion to be considered under § 2255, as he confirms in his reply and his more recent motions.   The Court will construe it as such because he objects to the validity of his sentence and seeks to vacate it, which makes his motion a § 2255 motion regardless of its label.   *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).   This is not Snowden's first § 2255 motion.   *See Snowden v. United States*, 24-cv-1061-JPG (S.D. Ill. July 12, 2024).   In order for the Court to consider a second or successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).   *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).   It has not done so. *See Snowden v. United States*, No. 25-1621 (7th Cir. May 6, 2025) (denying leave to file successive § 2255 motion).   Therefore, the Court does not have jurisdiction to entertain this § 2255 motion and will dismiss it for lack of jurisdiction.

B.    <u>Compassionate Release</u>

For the sake of completeness, the Court briefly addresses whether Snowden could establish eligibility for compassionate release.   He cannot.

Although the Government invokes the failure to exhaust, that is an affirmative defense that the Government bears the burden of proving.   It has not submitted evidence that Snowden failed to ask the warden for compassionate release on the grounds he asserts in this motion, so the Court cannot deny the motion on this ground.

More importantly, Snowden has not shown any extraordinary and compelling reason for release.   Snowden's assertion that his sentence is invalid is not an extraordinary and compelling reason for relief.   *Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026).   He must bring any

such challenges under § 2255, and if the limits on § 2255 motions prevent him from doing so, there is little he can do about it.   Further, to the extent he purports to rely on the ULS provision, it could not apply.   First, he has not served 10 years of his sentence, a prerequisite for finding a ULS.   Second, the ULS provision cannot be used to take advantage of a non-retroactive change in the law.   *Rutherford v. United States*, 146 S. Ct. 1320, 1330-31 (2026).   And Snowden's accomplishments in prison and his rehabilitation do not amount, by themselves, to an extraordinary and compelling reason no matter how great they are.   28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (2025).

In the absence of an extraordinary and compelling reason for relief, the Court need not address whether the § 3553(a) factors would warrant it.   *Rutherford*, 146 S. Ct. at 1333.   But they would not.   The Court's analysis of the § 3553(a) factors at Snowden's sentencing hearing continue to apply now.   He was in criminal history category VI regardless of his career offender status.   This is because he has a lengthy history of disregard for the rules.   His offense in this case was serious, and his post-judgment filings bear witness that he still has not appreciated the magnitude of his crimes.   Furthermore, although Snowden had made notable accomplishments in prison, they are not enough to overcome other factors showing he needs to serve his full sentence (reduced by any credits to which he is entitled) to provide just punishment and to protect the public from his further crimes.   Anything less would undermine the gravity of his offense and would not promote respect for the law.

### III.   Conclusion

For the foregoing reasons, the Court **DISMISSES** Snowden's motions (Docs. 395, 416 & 418) for **lack of jurisdiction** as unauthorized successive § 2255 motions.   As the presence of counsel would not have had a reasonable probability of changing this conclusion, the Court

**DENIES** all requests for counsel within Snowden's motions.   Alternatively, the Court would **DENY** Snowden's request for compassionate release.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.   A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).   To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."   *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).   The Court finds that Snowden has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   July 9, 2026**

_____
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**