UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONALD V. SNOWDEN,

Defendant.

Case No. 19-cr-40081-JPG-1

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Donald Snowden's Motion to Appoint Counsel (Doc. 422) and Motion to Receive Original Plea Offer (Doc. 423).

A. Motion to Appoint Counsel (Doc. 422):

In this motion, Snowden asks the Court to appoint him counsel and hold his motion for compassionate release in abeyance until the 30-day exhaustion period has elapsed.

The First Step Act expanded the sentence reduction provisions of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *Rutherford v. United States*, 146 S. Ct. 1320, 1328 (2026). Before filing a motion for compassionate release, however, a defendant must satisfy the statute's exhaustion requirement. Specifically, a defendant may file a motion only after the earlier of two events: (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). As a practical matter, the second alternative will almost always provide the relevant exhaustion mark because it is virtually impossible to exhaust the BOP's comprehensive administrative remedy process within 30 days.

Here, Snowden submitted a copy of his October 25, 2026, request for compassionate release to the Warden, which he sent only 11 days before filing his motion. He asks the Court to hold his motion in abeyance until the 30-day period has elapsed. The statute, however, requires that one of the two exhaustion alternatives be satisfied *before* a defendant files a motion for compassionate release. It does not provide for holding a prematurely filed motion in abeyance until the exhaustion requirement has been satisfied. Accordingly, the Court **DENIES** Snowden's Motion to Appoint Counsel (Doc. 422) without prejudice to filing another motion *after* satisfying the exhaustion requirement.

B. Motion to Receive Original Plea Offer (Doc. 423):

In this motion, Snowden asks the Court to exercise its discretion under *Lafler v. Cooper*, 566 U.S. 156 (2012), to afford him the opportunity to receive his original plea offer of 22 years' imprisonment. He contends that his standby counsel was not present when the offer was made and that, because the offer was extended only one week before trial while he was housed at the Jackson County Jail, he was unable to review the relevant documents and make a rational decision about whether to accept the deal.

The Court does not have jurisdiction to entertain this motion because it is an attempt by Snowden to vacate his sentence, which makes it a § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). This is not Snowden's first § 2255 motion. *See Snowden v. United States*, 24-cv-1061-JPG (S.D. Ill. July 12, 2024). For the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It has not done

so. *See Snowden v. United States*, No. 25-1621 (7th Cir. May 6, 2025) (denying leave to file successive § 2255 motion). As such, the Court does not have jurisdiction to entertain the pending § 2255 motion, and it **DISMISSES** Snowden's Motion to Receive Original Plea Offer (Doc. 423) for lack of jurisdiction.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to Snowden. A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that Snowden has not made such a showing. As such, it **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED**: **November 19, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**United States District Judge**